The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>      v.<br><br>STUART W. FUHLENDORF,<br><br>                Defendant. | Case No. C09-1292 MJP<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL NON-PARTY PRICEWATERSHOUSE COOPERS TO PRODUCE DOCUMENTS** |

This matter is before the Court on Defendant Stuart Fuhlendorf's motion to compel PricewaterhouseCoopers LLP ("PWC") to produce certain documents in response to a subpoena. (Dkt. No. 44.) The Court has considered the motion, the response (Dkt. No. 48), the reply (Dkt. No. 57), and the documents submitted in support thereof. For the reasons set forth below, the Court DENIES Defendant's motion.

**Background**

Defendants Stuart Fuhlendorf was the Chief Financial Officer ("CFO") of Isilon Systems, Inc. ("Isilon") from mid-2004 through October 2007. Plaintiff Securities and Exchange Commission ("SEC") filed this civil enforcement action alleging Fuhlendorf violated a number of securities laws by inflating Isilon's reported revenue. Specifically, the SEC's complaint references transactions from the fourth quarter of 2006 and the first two quarters of 2007.

On October 22, 2009, Fuhlendorf served non-party PWC with a subpoena seeking documents related to PWC's service as Isilon's auditor. (Hineline Decl. ¶ 2, Ex. A.) PWC responded by describing the documents it had already provided to the SEC (which, in turn, were provided to Defendant) and objected to the request as overbroad and unduly burdensome. (Id., Ex. B.) On February 17, 2010, Defendant followed up with their request for materials and requested a promotional video "relating to [PWC's] relationship with Isilon … and all documents and communications relating to it." (Id., Ex. C.) PWC produced the video at issue, but did not provide documents or correspondence related to the video. (Id. ¶¶ 8-9.) Defendant filed the present motion seeking to compel production of these documents and correspondence. (Dkt. No. 44.)

**Discussion**

Fed. R. Civ. P. 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 45(c)(3)(A)(iv) requires the Court, upon a timely motion, to modify subpoenas that impose an undue burden on a nonparty. The Court must balance the "relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing Heat and Control, Inc. v. Hester Industries, Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986)). In determining whether information is relevant to the claims or defenses of the matter, the Court asks whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Discovery of the documents relating to the video does not appear to be directed at material that is relevant to Fuhlendorf's defense. Fuhlendorf claims they are relevant because (1) the video references a whistleblower investigation on the eve of Isilon's IPO and (2) Fuhlendorf will assert a defense he relied on PWC. (Dkt. No. 57 at 4.) The short video, produced in August 2007 for internal PWC promotion of client skills, contains a negligible quantum of substantive content. (Seel Decl. ¶ 4; Phillips Decl., Ex. B (video transcript).) Instead, it focuses on PWC's

service and client communication skills. (Phillips Decl., Ex. B (Fuhlendorf: "Our relationship with PwC is excellent. They're extremely service oriented.") (Hayes: "You know, we work so hard. We work extremely late nights. We develop great relationships with the company….").) Though the whisteblower referenced in the video relates to a reseller named in the complaint, the transaction referenced in the video does not appear to be one of the ones mentioned in the complaint. Fuhlendorf fails to explain how the investigation into unrelated transactions might lead to relevant information for his own defense. Further, to the extent Fuhlendorf intends to assert an affirmative defense based on his reliance on PWC's advice, nothing in the transcript of the video provides any description of the substantive advice offered to Isilon. Nothing in the transcript of the video suggests the documents surrounding its creation would touch on "Fuhlendorf's role in accounting determinations" or "Fuhlendorf's trustworthiness and transparency." (Dkt. No. 57 at 4-5.)

In light of the irrelevance of Defendant's request, the burden of searching for documents relating to the video would be undue. Defendants have already obtained PWC's documents related to its review of Isilon's first, second, and third quarter of 2007 financial statements and its audit of Isilon's 2006 and 2007 year-end financial statements. PWC has also provided a number of external workpaper files, including those relating to the 2006 audit and the first and second quarter 2007 reviews of Isilon's financial statements. (See Hineline Decl., Ex. B.) The Court finds that requesting a nonparty to search for documents analyzing an internal video promotion that is only tangentially related to this matter would place an undue burden on that nonparty.

\\
\\
\\
\\
\\
\\

ORDER DENYING DEFENDANT'S MOTION TO COMPEL NON-PARTY PRICEWATERSHOUSE COOPERS TO PRODUCE DOCUMENTS - 3

CASE NO. C09-1292 MJP

**Conclusion**

The Court DENIES Defendant's motion to compel. The material requested is not relevant to any claims or defenses at issue. Even if the Court were to assume relevance, the request imposes an undue burden on PWC. The Clerk shall transmit a copy of this Order to all counsel of record and mail a copy to counsel for PWC.

Dated this 25th day of May, 2010.

Marsha J. Pechman
United States District Judge