1

The Honorable Marsha J. Pechman

2

3

4

5

6

7  UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
8  AT SEATTLE

9  SECURITIES AND EXCHANGE
COMMISSION,
10                                              Case No. C09-1292 MJP

11                          Plaintiff,          **ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL
12            v.                                INTERROGATORY RESPONSES**

13  STUART W. FUHLENDORF,

14                          Defendant.

15

16        This matter is before the Court on Plaintiff Securities and Exchange Commission

17  ("SEC")'s motion to compel Defendant to complete answers to its First Set of Interrogatories.

18  (Dkt. No. 37.)  The Court has reviewed the motion, the response (Dkt. No. 52), the reply (Dkt.

19  No. 55), and the documents submitted in support thereof.  For the reasons set forth below, the

20  Court DENIES Plaintiff's motion.

21                          **Background**

22        Defendants Stuart Fuhlendorf was the Chief Financial Officer ("CFO") of Isilon Systems,

23  Inc. ("Isilon") from mid-2004 through October 2007.  Plaintiff Securities and Exchange

24  Commission ("SEC") filed this civil enforcement action alleging Fuhlendorf violated a number

25  of securities laws by inflating Isilon's reported revenue.  Specifically, the SEC's complaint

26  references transactions from the fourth quarter of 2006 and the first two quarters of 2007.

On December 23, 2009, Plaintiff served Defendant with its First Set of Interrogatories and, on January 22, 2010, Defendant served general objections on Plaintiff.  (Brooks Decl., Exs. 1, 2.)  Plaintiff asked Fuhlendorf to identify "his communications (i) with those Isilon customers who are the subject of the 'sales' transactions for which revenue was allegedly improperly recognized by Isilon, (ii) with anyone at Isilon or the company's auditors regarding those customers and (iii) regarding the propriety of recognizing revenue on transactions involving contingencies, oral side agreements, or violations of GAAP." (Dkt. No. 37 at 3 (citing Brooks Decl., Ex. 1).)  Defendant declined to answer the interrogatories because he "cannot respond substantively to the Interrogatories without risking a waiver of his rights under the Fifth and Fourteenth Amendments."  (Brooks Decl., Ex. 2.)

**Discussion**

"Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial."  Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 910 (9th Cir. 2008).  A belated waiver of privilege may disadvantage an opposing party because "[t]he opportunity to combat the newly available testimony might no longer exist, a new investigation could be required, and orderly trial preparation could be disrupted."  S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 191 (3d Cir. 1994).  The Court must balance the interests "of the party asserting the privilege, and the party against whom the privilege is invoked" and craft a remedy that is no harsher than necessary to prevent prejudice.  Nationwide, 541 F.3d at 910 (quoting Doe ex Rel Rudy-Glanzer v. Glanzer, 232 F.3d 1258, 1265 (9th Cir. 2000)).

Plaintiff's requested remedy – a deadline within the month by which Fuhlendorf must provide answers to the Interrogatories – is too harsh given the relative early progress of this case toward trial.  (See Dkt. No. 37 at 3; Dkt. No. 19 (setting discovery completion deadline for Nov. 30, 2010).)  The Court cannot require a Defendant to waive his privilege against self-incrimination, but will not allow the use of the privilege to gain a tactical advantage at trial.  The

1   balance of interests shifts in Plaintiff's favor at the point the privilege is used to prevent the SEC

2   from preparing to cross examine or rebut Fuhlendorf's testimony.  By delaying a decision to

3   waive the privilege, Defendant risks the exclusion of his testimony at trial.  This Court expects

4   cooperation between the parties and adherence to the trial schedule.  Therefore, Defendant shall

5   advise the Court and counsel, within 14 days of this Order, when they will make a decision to

6   waive the privilege and offer Defendant up for a deposition.  The waiver deadline election should

7   be early enough to allow the SEC to take Fuhlendorf's deposition, as well as other related

8   depositions, in advance of the discovery cut-off on November 30, 2010.

9          Because the Court declines to compel Defendant's waiver in order to respond to the

10  Interrogatories, it does not reach the merits of Fuhlendorf's remaining objections to the

11  Interrogatories.  (See Brooks Decl., Ex. 2 ¶¶ 4-13.)

**Conclusion**

13         The Court DENIES Plaintiff's motion to compel responses to Interrogatories.  Defendant

14  shall, within 14 days of this Order, inform the Court and opposing counsel of a date by which

15  they intend to make a decision regarding the assertion of privilege.  The Court's denial is without

16  prejudice to revisit the appropriateness of Defendant's remaining objections at a later date.  The

17  Clerk shall transmit a copy of this Order to all counsel of record.

18         Dated this 25th day of May, 2010.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge