HONORABLE MARSHA J. PECHMAN

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>STUART W. FUHLENDORF,<br><br>  Defendant. | CIVIL ACTION NO. 2:09-CV-1292-MJP<br><br>**DEFENDANT'S MOTION<br>FOR A MISTRIAL** |

## I.   INTRODUCTION

During trial proceedings on April 12, 2011, Plaintiff Securities and Exchange Commission ("SEC") was examining a witness on the topic of Isilon Systems Inc. ("Isilon")'s restated financial statements when Defendant Stuart W. Fuhlendorf ("Fuhlendorf")'s counsel, Peter Ehrlichman, made the following request of the Court.

> MR. EHRLICHMAN: Your Honor, may we have a standing objection with respect to documents relating to the restatement, for the reasons that we've articulated?
> THE COURT: No. If you have an objection you need to make it.

DEFENDANT'S MOTION FOR A MISTRIAL
Case No. 2:09-cv-1292-MJP
-1-
DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Fairchild Decl.[1], Ex. A., *Transcript of April 12, 2011 Trial Proceedings Before the Honorable Marsha J. Pechman* (hereafter "April 12 Transcript"), at 70:10-14 (emphasis added).  Other requests by Fuhlendorf's counsel for standing or continuing objections have been similarly denied.  *See, e.g.*, Fairchild Decl., Ex. B, *Transcript of April 14, 2011 Trial Proceedings Before the Honorable Marsha J. Pechman,* at 172:9-12.[2]  Accordingly, Fuhlendorf's counsel has continued to assert objections when the SEC asked witnesses about Isilon's restatement, the internal investigation that led thereto, and other issues to ensure that the record of Fuhlendorf's objection to this evidence is clear.

Late in the morning during trial proceedings on April 22, 2011, the SEC was examining witness Elliott Jurgenson in front of the jury when Fuhlendorf's counsel again objected to the SEC's line of questioning about Isilon's internal investigation.  The following exchange took place between Mr. Ehrlichman and the Court:

> MR. EHRLICHMAN:  I apologize.  I would love to not have to stand up every time if I could have a continuing objection about this line of questioning.
> THE COURT:  Well, that's up to you, because I think you fully made the court aware of what it is you are objecting to.  ***You are making your record for the Court of Appeals***, so that's up to you as to how it is you want to do that.
> MR. EHRLICHMAN:  I certainly don't want to interrupt counsel, I don't want to interrupt the witness, and I hope I never have to see the Court of Appeals.  I am just trying to make sure that we have a record that is inclusive.  I would ask the court for leave to not have to stand up and say the same objection every time.
> THE COURT:  I don't think you need to do that.  But that's a judgment you have to make.

Fairchild Decl., Ex. C, *Transcript of April 22, 2011 Trial Proceedings Before the Honorable Marsha J. Pechman* (hereafter "April 22 Transcript"), at 90:23-91:13 (emphasis added).

---

[1] References to Fairchild Decl. refer to the Declaration of Todd Fairchild in support of Defendant's Motion for a Mistrial, filed concurrently herewith.

[2]   "MR. HINELINE:  Your Honor, can I just make – on these I've got to ask to have a standing objection on these documents, so I don't have to –
    THE COURT:  (Shakes head.)"

DEFENDANT'S MOTION FOR A MISTRIAL     -2-
Case No. 2:09-cv-1292-MJP

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

The trial proceedings broke for lunch soon after the Court of Appeals comment was made. After the parties returned for the afternoon proceedings but before the jury reentered the courtroom, the SEC's counsel, John Yun, initiated the following discussion with the Court:

> MR. YUN: There was an exchange during Mr. Jurgensen's direct examination about creating records for appeal, preserving records for appeal. And *as I was watching the jury, I saw what I thought were a lot of mystified looks on their faces*. And so I was going to suggest that perhaps the court could consider some sort of instruction to the jury about not worrying about the records on appeal. That really is not a part of evidence. That is a matter of counsel for both sides attempting to reserve whatever legal rights they think are appropriate for future consideration.
>
> THE COURT: Do you have a suggestion for me?
>
> MR. YUN: No, I don't. That is the issue I wanted to raise at some point. I don't know that it needs to be given at this moment. Certainly it is not supposed to be part of the record they consider –
>
> THE COURT: No. And *it probably should have taken place outside their presence*. Maybe we should have a discussion. *I don't understand why Mr. Ehrlichman continues to object*. At least from my standpoint, he has already made his record. But I understand that there are many times – I don't know how else to communicate that to him, that either side can appeal off this record. And maybe I should tell the jury that we are keeping a record in case there are errors made by the court.
>
> MR. YUN: Basically, *to tell them whether or not anybody has or doesn't have a right of appeal is really nothing they should be thinking about or knowing about*. It is just not within their consideration or their responsibilities. I guess the important thing is it's between court and counsel. That is my suggestion. I don't have specific language.
>
> THE COURT: Are we ready to bring our jury in?
>
> MR. HINELINE: Your Honor, just a couple of things. One, with respect to what Mr. Yun has raised, we have significant concern about the implications of the court's comment to the jury. In particular, the concern is that *it was communicated to the jury that the court was of the view that Mr. Fuhlendorf was not going to prevail in this case and he would have to go up to the Ninth Circuit*. And we ask that the court order a mistrial for that statement to this jury, because we believe that the jury has heard now from this court, communicated to Mr. Fuhlendorf's counsel that ["]this case, you are making a record for the Ninth Circuit Court of Appeals.["] And the only reason we would be taking it up to the Ninth Circuit Court of Appeals is if we in fact lost.
>
> THE COURT: That's not true. If the SEC lost this case, they could appeal as well, and you would want to preserve your record for whatever appeal

DEFENDANT'S MOTION FOR A MISTRIAL -3-
Case No. 2:09-cv-1292-MJP

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

issues they would bring.  Either side has an interest in keeping the record correct, agreed?

MR. HINELINE:  I think we would agree.  But if we are making the record on this issue, we believe that the suggestion to the jury was we would – the court is of the view that we are likely to lose this case.  And ***coming from the court to the jury***, we believe, ***sends a really strong message*** to the jury that is highly prejudicial to Mr. Fuhlendorf.  And we would ask for a mistrial at this point.

MR. YUN:  And we oppose.  And we believe that an instruction to the jury that they are not to speculate on appeals, rights of appeals, who will appeal, and basis for appeal is a curative instruction that is appropriate.  And given what their statements were, we continue to believe that a curative instruction – I don't know if it is curative, but an instruction to the jury –

THE COURT:  Perhaps we should work on one right now.  What I would suggest – I would indicate that in every civil trial a record is kept so that either party may appeal to the Court of Appeals if they believe that the court has erred.  So it is important for each side to protect the record with their objections.  They are not to speculate or worry about why the court sustains or overrules objections.

MR. YUN:  ***And that it is not necessarily the court's view on the merits of the case***.

THE COURT:  They have already been told that in the instructions, that my view is not the issue.

MR. HINELINE:  Just for this record, we don't believe a curative instruction would be sufficient in this circumstance.

THE COURT:  Well, if you showed me some case law that there is an error there, let me know.

MR. HINELINE:  Yes, your Honor.  We were intending to bring it up.  We are having people look at it right now.  That is what our intent was, was as soon as we have some law.  I am only raising it now because Mr. Yun raised it.  And I wanted to make sure I didn't sandbag the court in some way.  We are looking at the law right now.

*Id.* at 113:22-117:11 (emphasis and quotation marks added).

The Court then invited the jury to reenter the courtroom and without further consultation with counsel gave the following instruction:

THE COURT:  Ladies and gentlemen, before we get started again, I wanted to talk with you briefly.  There was an exchange between the Court and counsel over objections.  And I wanted to explain to you that the reason we have a court reporter in the courtroom, as you have seen, and you have seen us read back part of the record, is we keep a record so that either side has an opportunity to appeal any errors that the court might make in its rulings.  And so we have a

DEFENDANT'S MOTION FOR A MISTRIAL  -4-
Case No. 2:09-cv-1292-MJP

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

record of that.  You should make no assumptions, based upon the Court's ruling on objections, and you should understand it is counsel's obligation to make objections that they believe are legally appropriate, and for the Court to make its rulings upon them.

*Id.* at 118:3-16.

## II.   AUTHORITY AND ARGUMENT

A mistrial is warranted where, as here, error has prejudiced a party's right to a fair trial and cannot otherwise be remedied.  *See* Rutter Group Practice Guide, *Federal Civil Trials and Evidence* § 13:50 (2001).  The Ninth Circuit has held that "[l]itigants are entitled to a trial before a judge who is detached, fair, and impartial." *Shad v. Dean Witter Reynolds, Inc.*, 799 F.2d 525, 531 (9th Cir. 1986) (citing *Ward v. Westland Plastics, Inc.*, 651 F.2d 1266, 1271 (9th Cir. 1980)).  Accordingly, a trial court commits **reversible error** where "the record discloses actual bias on the part of the trial judge or leaves the reviewing court with an abiding impression that the judge's **remarks** and questioning of witnesses **projected to the jury an appearance of** advocacy or **partiality**."  *Shad*, 799 F.2d at 531 (emphasis added) (citation omitted); *see also Duckett v. Godinez*, 67 F.3d 734, 739 (9th Cir. 1995) (stating that a trial judge "must be ever mindful of the sensitive role the court plays in a jury trial and avoid even the appearance of advocacy or partiality") (citation omitted); *Santa Maria v. Metro-North Commuter R.R.*, 81 F.3d 265, 275 (2d Cir. 1996) ("A judge must strive to be a model of patience and impartiality, even when faced with an irritating attorney.").

The Eighth Circuit Court of Appeals has found that a mistrial should be granted where a judge's statement in front of the jury "possib[ly]" implies which party will prevail.  *See, e.g.*, *Coast-to-Coast Stores, Inc. v. Womack-Bowers, Inc.*, 818 F.2d 1398, 1401-03 (8th Cir. 1987) (finding that a district judge's remark that "***possib[ly]" implied defendant's counterclaim would lose*** would have been prejudicial error if made in front of the jury).  Additionally, "a judge's slightest indication that he or she favors the ***government's*** case can have an ***immeasurable effect***

DEFENDANT'S MOTION FOR A MISTRIAL
Case No. 2:09-cv-1292-MJP

-5-

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

upon a jury." *Id.* at 1401 (citing *United States v. Bland*, 697 F.2d 262, 265-66 (8th Cir. 1983)) (emphasis added).

The Second Circuit Court of Appeals also has held it to be reversible error where a judge's comment conveyed to the jury the court's view on the merits of a party's claim or left the jury with the impression that the court has a biased opinion of a party's attorney. *See Rivas v. Brattesani*, 94 F.3d 802, 807 (2d Cir. 1996) (ordering a new trial where the district court gave the jury an impression that it held a fixed and unfavorable opinion of defendants, their counsel, and their position); *Santa Maria*, 81 F.3d at 273-75 (ordering a new trial in light of the trial court's continuous antipathy to plantiff's claim because "a court must strive for 'that ***atmosphere of perfect impartiality*** which is so much to be desired in a judicial proceeding'") (quoting *Glasser v. United States*, 315 U.S. 60, 82 (1942)).

The Court's comment that Fuhlendorf is "making [his] record for the Court of Appeals" inappropriately and unfairly conveyed to the jury an appearance of judicial bias in favor of the SEC's case. Although the Court stated that its remark could not be biased because it referred to the interest of both sides in keeping the record correct, Fairchild Decl., Ex. C, *April 22 Transcript* at 115:22-23, in fact, the remark was made immediately in response to Mr. Fuhlendorf's counsel's objection, was directed solely to Mr. Fuhlendorf's counsel, and referenced only Mr. Fuhlendorf's desire for a record for appeal. Regardless of the Court's true intentions, the remarks from the bench communicated to the jury that the Court believed Mr. Fuhlendorf will be appealing this verdict because it will not be in his favor.

With all due respect, and again, without impugning the Court's true intentions, the reference to the Court of Appeals is the latest of a series of acts which may be interpreted as projecting the appearance of bias by the Court against the defense. Although several of the most concerning statements took place outside the presence of the jury, the Court also has repeatedly suggested the appearance of possible disfavor of Mr. Fuhlendorf or his counsel through

DEFENDANT'S MOTION FOR A MISTRIAL
Case No. 2:09-cv-1292-MJP

-6-

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

seemingly irritated and angry facial gestures and tone, the choice of harsh words to criticize and demean Fuhlendorf's counsel, as well as an overwhelming track record in favor of the government in the Court's evidentiary and relevance rulings. This record started during Opening Statements, when the Court interrupted Fuhlendorf's Opening Statement to accuse counsel of improperly using the word "insurance," even though counsel's reference to a contract was permissible under Federal Rule of Evidence 411.[3] Fairchild Decl., Ex. A, *April 12 Transcript*, at 7:2-3. The Court's appearance of bias in favor of the government and against Fuhlendorf culminated on Friday, April 22, with the Court's plain statement that Mr. Fuhlendorf was making his record for the Court of Appeals. *See* Fairchild Decl., Ex. C, *April 22 Transcript*, at 90:23-91:13.

Mr. Yun of the SEC similarly perceived the Court's remark as an improper commentary on the merits of the case. This is evidenced by the fact that: (1) he expressed his concern to the Court about the comment even before the defense did, *id.* at 113:22-114:7; (2) he noticed that the comment caused "a lot of mystified looks" on the jurors' faces, *id.* at 113:24-114:1; and (3) he asked the Court to specifically instruct the jury that her comment was "not necessarily the court's view on the merits of the case," *id.* at 116:22-23. For all of these reasons, the Court's apparent endorsement of the SEC as victor of this case qualifies as prejudicial error under the Ninth Circuit and other federal case law discussed above. *See, e.g.*, *Duckett*, 67 F.3d at 739; *Shad*, 799 F.2d at 531 (finding that ***any appearance*** to the jury of a judge's partiality towards one party or outcome is prejudicial enough to constitute error warranting mistrial).

The Court's subsequent, sua sponte instruction to the jury only compounded the prejudice caused to Fuhlendorf. Instructing the jury "not [to make] any assumptions based on the Court's

---

[3] For a full discussion on why Defendant contends his reference to a contract with his former employer Isilon was appropriate, please see Defendant's Memorandum Regarding Reference to Isilon's Contract to Pay Attorney Fees. Dkt. No. 253.

DEFENDANT'S MOTION FOR A MISTRIAL                -7-
Case No. 2:09-cv-1292-MJP

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

rulings on objections" was essentially a recitation of Jury Instruction No. 1, given on the first day of trial. Fairchild Decl., Ex. D, *Transcript of April 11, 2011 Trial Proceedings Before the Honorable Marsha J. Pechman*, at 105:5-7. Despite the SEC's own request, the Court's instruction contained no denial of any favoritism toward the SEC's case. Thus, the Court's instruction not only failed to mitigate the effect of the Court's apparent belief (conveyed barely halfway through the trial) that Fuhlendorf is going to lose, it may have *enhanced* the effect by highlighting the unusually prejudicial comment but then failing to issue a specific denial thereof.

After the Court acknowledged that its comments about the Court of Appeals *"probably should have taken place outside [the jury's] presence*," counsel for Fuhlendorf stated that he did not believe that the remark could be cured by an instruction. This view is supported by the case law, as it is recognized that "*the slightest indication*" that the court favors the government can have an immeasurable effect upon a jury. *Coast-to-Coast*, 818 F.2d at 1401-03 ("A judge's slightest indication that he or she favors the government's case can have an immeasurable effect upon a jury.") (citation omitted). Thus, *any* appearance of the Court's partiality towards one party – made all the more devastating here, where the apparently favored party is the government – must result in a mistrial. *See Shad*, 799 F.2d at 531.

### III.   CONCLUSION

For the reasons set forth above, Fuhlendorf respectfully requests that the Court grant his motion for a mistrial. The Court's statement that Fuhlendorf is making his record for the Court of Appeals conveyed to the jury that the Court believes Fuhlendorf will not prevail at the district court level, and thus has immeasurably and incurably prejudiced Fuhlendorf's right to a fair trial.

Respectfully submitted this 25th day of April, 2011.

DEFENDANT'S MOTION FOR A MISTRIAL   -8-
Case No. 2:09-cv-1292-MJP

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

DORSEY & WHITNEY LLP

*/s/ Peter Ehrlichman*
Peter S. Ehrlichman (WSBA No. 6591)
Shawn Larsen-Bright (WSBA No. 37066)
701 Fifth Avenue, Suite 6100
Seattle, WA 98104
Telephone: (206) 903-8800
ehrlichman.peter@dorsey.com
larsen.bright.shawn@dorsey.com

And

Curt Roy Hineline (WSBA No. #16317)
BRACEWELL & GIULIANI LLP
701 Fifth Avenue, Suite 6200
Seattle, WA 98104
Telephone: (206) 204-6203
curt.hineline@bgllp.com

*Attorneys for Defendant*
STUART W. FUHLENDORF

DEFENDANT'S MOTION FOR A MISTRIAL        -9-
Case No. 2:09-cv-1292-MJP

DORSEY & WHITNEY LLP
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send notification to counsel as follows:

- **Eric M. Brooks**
  brookse@sec.gov
- **John S. Yun**
  yunj@sec.gov
- **Marc J. Fagel**
  fagelm@sec.gov
- **Sheila E. O'Callaghan**
  ocallaghans@sec.gov
- **Robert S. Leach**
  leachr@sec.gov

DATED this 25th day of April, 2011.

                                         _/s/ Nancy Masterson_
                                         Nancy Masterson

DEFENDANT'S MOTION FOR A MISTRIAL
Case No. 2:09-cv-1292-MJP
-10-

**DORSEY & WHITNEY LLP**
COLUMBIA TOWER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820