UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>STUART W. FUHLENDORF,<br><br>              Defendant. | CASE NO. C09-1292 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT AS A MATTER OF LAW |

This comes before the Court on Plaintiff's motion for partial judgment as a matter of law. Having heard Plaintiff's oral motion on May 5, 2011 and reviewed Defendant Stuart W. Fuhlendorf's response (Dkt. No. 311), the Court DENIES Plaintiff's motion for partial judgment as a matter of law.

**Discussion**

Under Rule 50 of the Federal Rules of Civil Procedure, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a).

ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL JUDGMENT AS A MATTER OF LAW-
1

In other words, the motion should be granted only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000). In ruling on a Rule 50 motion, the Court is not to make credibility determinations or weigh the evidence and should view all inferences in the light most favorable to the nonmoving party. Id. at 150.

Plaintiff Securities and Exchange Commission ("SEC") seeks partial judgment as a matter of law with respect to its three negligence-based claims: Claim Two ("Securities Act Claim"), Claim Four ("Books and Records Regulatory Claim"), and Claim Six ("Statements to Accountants Claim"). The SEC believes Fuhlendorf acted, at the least, negligently with respect to the CDI transaction in December 2006 and the Intelligentias transaction in March 2007 as a matter of law. The Court disagrees.

First, a reasonable juror may believe Fuhlendorf did not act negligently in recognizing revenue for the CDI transaction. Although Fuhlendorf received an email from CDI in September 2006 suggesting Fuhlendorf knew invoice terms were irrelevant, the email relates to an earlier transaction not at issue in this action. A reasonable juror may find an email about a separate transaction insufficient to establish negligence related to the December 2006 transaction. Similarly, even though CDI lacked a purchase order from its end-user, a reasonable jury may find Fuhlendorf did not act negligently when recognizing the CDI transaction as revenue. A juror may find significant that, at the time, Isilon's sell-in revenue recognition policy expressly required only the identification of a reseller's end user and no purchase order from the end user was required. See Offenbecher Decl., Ex. F (April 18, 2011 Transcript) at 143:8-19; 150:7-151:7. Since a reasonable jury could find Fuhlendorf did not falsify Isilon's books and records

or make a false statement, the Court finds judgment as a matter of law inappropriate based on the CDI transaction.

Second, a reasonable juror could likewise find Fuhlendorf did not act negligently in recognizing revenue for the Intelligentias transaction. Although there is evidence that Isilon had conducted no due diligence when it agreed to purchase Intelligentias software, the facts do not conclusively establish the Intelligentias transaction was a round-trip transaction and/or contingency as a matter of law. Based on testimony at trial, the purchase of Intelligentias software may have had a legitimate business purpose. (See id., Ex. J (April 13, 2011 Transcript) at 86:16-25, 87:8-15, 107:20-108:11, 136:3-14 (Bigelow); id. Ex. D (April 20, 2011 Transcript) at 28:7-15, 44:22-45:3 (Scollard)). Likewise, a jury may conclude Fuhlendorf is not liable since the terms of payment appear to have been disclosed to Isilon's Audit Committee. (See id. Ex. I (April 22, 2011 Transcript) at 147:24-148:6.) Since a reasonable jury could find Fuhlendorf did not falsify Isilon's books and records or make a false statement, the Court finds judgment as a matter of law inappropriate based on the Intelligentias transaction.

**Conclusion**

The Court DENIES the SEC's motion for partial judgment as a matter of law. The clerk is ordered to provide copies of this order to all counsel.

Dated this 4th day of June, 2011.

Marsha J. Pechman
United States District Judge