HONORABLE MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 2:09-CV-01292-MJP |
| v. | |
| STUART W. FUHLENDORF, | FINAL JUDGMENT AS TO DEFENDANT STUART W. FUHLENDORF |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Stuart W. Fuhlendorf having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 17(a)(2) and 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77q(a)(2) and 77q(a)(3)] by, in the offer or sale of any security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

1    (b)  engaging in any transaction, practice, or course of business which operates or

2        would operate as a fraud or deceit upon the purchaser.

3                   III.

4   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and

5 Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

6 participation with any of them, who receive actual notice of this Final Judgment, by personal

7 service or otherwise, and each of them, are permanently enjoined and restrained from, directly

8 or indirectly, violating Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by

9 knowingly circumventing or failing to implement a system of internal accounting controls or

10 knowingly falsifying any book, record, or account described in Section 13(b)(2) of the

11 Exchange Act [15 U.S.C. § 78m(b)(2)].

12                  IV.

13   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and

14 Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

15 participation with any of them, who receive actual notice of this Final Judgment, by personal

16 service or otherwise, and each of them, are permanently enjoined and restrained from, directly

17 or indirectly, violating Rule 13b2-1 under the Exchange Act [17 C.F.R. § 240.13b2-1], by

18 falsifying or causing to be falsified any book, record or account subject to Section 13(b)(2)(A)

19 of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

20                  V.

21   IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and

22 Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or

23 participation with any of them, who receive actual notice of this Final Judgment, by personal

24 service or otherwise, and each of them, are permanently enjoined and restrained from, directly

25 or indirectly, violating Rule 13b2-2 of the Exchange Act [17 C.F.R. §240.13b2-2], by making

26 or causing to be made a materially false or misleading statement, or by omitting to state or

27 causing another person to omit to state, any material fact necessary in order to make

28 statements made, in light of the circumstances under which such statements were made, not

misleading, to an accountant in connection with (A) any audit or examination of the financial statements of an issuer required to be made pursuant to the federal securities laws or (B) the preparation or filing of any document or report required to be filed with the Commission pursuant to the federal securities laws or otherwise.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Rule 13a-14 of the Exchange Act [17 C.F.R. § 240.13a-14], by, as a principal executive or principal financial officer of an issuer, or as a person performing similar functions, falsely certifying any report filed under 15 U.S.C. § 78m(a) (other than a report filed by an Asset-Backed Issuer defined in 17 C.F.R. § 229.1101, or a report on Form 20-F under 17 C.F.R. § 240.13a-19), including reports filed on Forms 10-Q, Forms 10-QSB, Forms 10-K, or Forms 10-KSB.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, based on Defendant's sworn representations in his Statement of Financial Condition dated August 10, 2011, and other documents and information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information

provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that a civil penalty should not be ordered; (4) contest the imposition of the maximum civil penalty allowable under the law; or (5) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited, for three years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78*o*(d)].

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated this 22nd day of November, 2011.

*[signature]*

Marsha J. Pechman
United States District Judge